Taxation — Specific Exemption Unconstitutional The extension of the exemption in 68 O.S. 2503 [68-2503] (1968), to "The Oklahoma Morris Plan Company" is specific and not general, and would apply to that specific company only; it would not be uniform upon the same class of subjects and is therefore invalid and unconstitutional. The Attorney General has considered your request of May 21, 1968, wherein you asked the following questions: "(1) Is enrolled House Bill 880, enacted by the First Session of the 31st Legislature (1967 Session Laws, Chapter 294, Page 477,) invalid because it is in conflict with Article X, Section 5 of the Oklahoma Constitution? "(2) If it is unconstitutional, what is the effect of such enactment since it does not bear the severability clause?" Title 68 O.S. 1503 [68-1503](d) (1961) provides as follows: "The following intangible personal property, as defined in Section 1 of this Act shall not be subject to tax under this Act: "(d) All property of state and national banks, trust companies, and Morris Plan companies which are subjected to a tax measured by or according to net income." Foregoing section became effective in 1939, and was amended in 1955, but such amendment is not material to this opinion. The Supreme Court of the State of Oklahoma interpreted the foregoing section in the case of County Board of Equalization, Pittsburg County, vs. Muskogee Industrial Finance Corporation Okl. 357, P.2d 224, in which the court held in the third paragraph of the Syllabus as follows: "The record examined and held that the term Morris Plan Companies, used in the intangible income tax code, is used in a generic sense, and the exemption from payment of intangible taxes is provided for in Sec. 1503 (d), 68 O.S. should be allowed not only to `Morris Plan Companies' but such exemption should be allowed uniformly on all those operating identical businesses." Thereafter, Section 68 O.S. 1503 [68-1503](d) was renumbered 68 O.S. 2503 [68-2503](d) in the 1965 Oklahoma Tax Code. House Bill 880, enacted by the 31st Oklahoma Legislature, First Session, approved May 8, 1967, 68 O.S. 2501 [68-2501] (1967) et seq., amended Section 2503 (d) to read as follows: "(d) All property of State and National Banks, and Trust Companys, the Oklahoma Morris Plan Company, and bona fide depository institutions which are subjected to a tax measured by or according to net income." It should also be noted that the title of House Bill 880 is as follows: "AN ACT RELATING TO TAXATION; AMENDING 68 O.S. 1961 SECTION, AS RENUMBERED BY SECTION 1 CHAPTER 215, O.S.L. (68 O.S.Supp. 1965 Section 25033[68-25033] [68-25033]; PROVIDING FOR THE EXCEPTION OF THE OKLAHOMA MORRIS PLAN COMPANY AND BONA FIDE DEPOSITORY INSTITUTIONS FROM THE INTANGIBLE PERSONAL PROPERTY TAX; AND DECLARING EMERGENCY." It therefore appears that the only change made by House Bill 880, was the striking of the words, "and Morris Plan Companies" and inserting the words "The Oklahoma Morris Plan Company and bona fide depository institutions." It should also be noted that on April 5, 1967, the Attorney General rendered an opinion, No. 67-205 on substantially the same question at which time we held: "It is the opinion of the Attorney General that 68 O.S. 2503 [68-2503] (d) (1965) is constitutional and therefore, the answer is in the affirmative." Where a statute is amended, the legislature may have intended either, (1) to effect the change in the existing law, or (2) clarify that which was previously doubtful. Which purpose was intended by a particular amendment, is to be determined to some extent from the circumstances surrounding its enactment. Where the former statute was clear, or where its meaning had been judicially determined, the amendment may reasonably indicate that the intention of the legislature was to alter the law. On the other hand, where the meaning of the former statute was subject to serious doubt, or where controversies concerning its meaning had arisen, it may be presumed that the amendment was made to more clearly express the legislative intention previously indefinitely expressed. See Magnolia Pipeline Company vs Oklahoma Tax Commission, 196 Okl; 633, 167 P.2d 884 and Plummer v. Davis, 169 Okl. 374, 36 P.2d 938. After the previous section had been judicially determined by the Supreme Court and by the Attorney General's opinion upholding the constitutionality and the subsequent legislative change by House Bill 880, it must be assumed that the legislature intended a change. The Constitution of the State of Oklahoma provides in Article IX, Section 5 as follows: "The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class of subjects." The Attorney General is of the opinion that the extension of the exemption to "The Morris Plan Company" is specific and not general, and would apply to that specific company only, and would not be uniform upon the same class of subjects and is therefore invalid and unconstitutional. Nothing herein, however, should be construed to prevent or prohibit "The Morris Pian Company" or any other company similarly situated to have the exemption under any other portion of the aforesaid sub-section or the entire section. The Supreme Court of the State of Oklahoma in Pioneer Telephone and Telegraph Company v. State, 40 Okl. 417, 138 pac. 1033, says: "Further, if said section were to fall, it does not appear to be so connected in subject matter with the other provisions of said act, arid dependent upon each other, and operating together before the same purpose, or otherwise not connected together in meaning that it cannot be presumed that the legislature would have passed one without the other. It is only where different clauses of an act are so dependent upon each other that it is evident that the legislature would not have enacted one of them without the other, as when the two things provided are necessary to serve parts of one system, that the whole act will fall on the count of the invalidity of one clause. When there is no such connection and dependency, the act will stand, though different parts of it are rejected." See also In Re: County Commissioners of Counties Comprising Seven Judicial Districts, 22 Okl. 435,98 P. 557. In answer to your second question, the Attorney General is of the opinion that the clauses of Section 5, 68 O.S. 2503 [68-2503](d) are not so inter-connected that the sub-section or entire section should fail because of the rejection of one clause. The Attorney General is of the opinion that the Act is valid and constitutional, the rejection of the one clause notwithstanding. (Duane Lobaugh)